# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNTAE C. HODGES, | CASE NO. 1:11-cv-01105-SKO PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| S. PINA, et al., | (Doc. 1) |
| Defendants. | ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |

**Screening Order**

## I.   Screening Requirement and Standard

Plaintiff Johntae C. Hodges, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 5, 2011.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's

allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     Discussion

### A.     Allegations

Plaintiff, who is currently incarcerated at California State Prison-Corcoran, brings this suit against S. Pina and A. Arrendondo for violating his rights under the Eighth Amendment of the United States Constitution. Plaintiff alleges that on February 11, 2011, he received a Rules Violation Report (RVR) for possession of contraband, purportedly a cell phone. Defendant Arrendondo authored the RVR and claimed he observed Plaintiff with the phone, although Officer Bohlander actually confiscated the phone, kept possession of it, and later destroyed it. Plaintiff appeared before Defendant Pina for the disciplinary hearing and he was found guilty, resulting in the assessment of a thirty-day credit forfeiture and placement on "C" status for ninety days.

Plaintiff alleges that the only evidence relied upon at the hearing was Defendant Arrendondo's report and testimony, and no supplemental report by Officer Bohlander was provided. Plaintiff was also denied the opportunity to see the phone and there were no photos of the phone provided. Plaintiff's inmate witness, who provided a written statement saying the phone was his, was not allowed to testify.

///

1   Plaintiff appealed the disciplinary hearing result. His appeal was granted and the RVR was
2   dismissed in the interest of justice. The review found that Plaintiff's due process rights had been
3   violated because Plaintiff had not been allowed to examine the physical evidence against him;
4   because the phone had been destroyed, the violation could not be cured through a reissuance and
5   rehearing of the RVR. The reviewer also found in favor of Plaintiff regarding the absence of a
6   supplemental report by Officer Bohlander.

7   Plaintiff alleges that the actions of Defendants Pina and Arrendondo violated the Cruel and
8   Unusual Punishments Clause of the Eighth Amendment.

### B. Eighth Amendment Claim

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to him. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The events at issue in this action do not give rise to an Eighth Amendment claim. The facts cannot and will not support a claim that Defendants Pina and Arrendondo knowingly disregarded

3

a substantial risk of harm to Plaintiff's health or safety. Therefore, this claim shall be dismissed, with prejudice.

### C. Due Process Claim

Although Plaintiff alleges only an Eighth Amendment claim, his allegations are more appropriately addressed under the Due Process Clause of the Fourteenth Amendment, which protects prisoners against the deprivation of liberty without the procedural protections to which they are entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, id. at 222-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Wilkinson, 545 U.S. at 221 (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff was not deprived of a protected liberty interest. The RVR was dismissed in the interest of justice, resulting in the reinstatement of time credits. Even assuming Plaintiff served the ninety-day term on C status before he succeeded in having the RVR dismissed, a loss of certain privileges and a reduced ability to use the outdoor exercise yard do not constitute atypical and significant hardship in relation to the ordinary incidents of prison life. Wilkinson, 545 U.S. at 221; Sandin, 515 U.S. at 484; Myron, 476 F.3d at 718. (Doc. 1, Comp., ¶8.)

This fatal deficiency to a claim notwithstanding, the violation of state procedural protections does not necessarily support a federal due process claim. James v. Rowlands, 606 F.3d 646, 657 (9th Cir. 2010); Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), *abrogated on other grounds by* Sandin, 515 U.S. 472. Here, the failure to allow Plaintiff to either see the physical phone or see a photo of the phone does not violate the limited procedural protections Plaintiff is due under federal

1 law. Wolff v. McDonnell, 418 U.S. 539, 563-71, 94 S.Ct. 2963 (1974); Walker, 14 F.3d at 1420.
2 Given that Plaintiff alleges he had a witness provide a statement that he, not Plaintiff, owned the
3 phone and placed it in the trash can where it was found, the phone appears to have existed; and
4 Defendant Arrendondo's written statement and testimony constitute "some evidence," which is
5 sufficient under federal law to support a finding of guilt. Superintendent v. Hill, 472 U.S. 445, 455-
6 56, 105 S.Ct. 2768 (1985).  Finally, the failure of Officer Bohlander to provide a supplemental
7 report, while perhaps a violation of either state procedural protections or prison rules, does not run
8 afoul of federal law, Walker, 14 F.3d at 1420, and while Plaintiff was apparently not allowed to call
9 his witness to testify in person, the witness did provide a written statement which was considered
10 by Defendant Pina, Wolff, 418 U.S. at 566.
11      Thus, Plaintiff fails to state a viable due process claim because he was neither deprived of
12 a protected liberty interest nor denied the limited procedural protections to which he was due under
13 federal law.

14 **III.   Conclusion and Order**

15      Plaintiff's complaint fails to state any claims under section 1983.  Because the deficiencies
16 are not capable of being cured through amendment, dismissal without leave to amend is appropriate.
17 Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th
18 Cir. 1987).

19      Accordingly, for the reasons set forth above, it is HEREBY ORDERED that:
20   1.   This action is DISMISSED, with prejudice, for failure to state a claim under section
21        1983; and
22   2.   This dismissal is subject to the "three-strikes" provision set forth  in 28 U.S.C. §
23        1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

26 IT IS SO ORDERED.

27 **Dated:   March 29, 2012**            **/s/ Sheila K. Oberto**
                                         UNITED STATES MAGISTRATE JUDGE
28